

U.S. Department of Justice

Criminal Division

950 Pennsylvania Avenue N.W., Room 1252
Washington, DC 20530-0001
Tel: (202) 307-1982

June 3, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

  Re: <u>*United States v. Ronnie Diaz, Jr.*, No. 23-50452</u>
    <u>Oral argument scheduled for July 10, 2024</u>

Dear Mr. Cayce,

  Pursuant to Rule 28(j), the government writes to inform the Court of the Fourth Circuit's decision in *United States v. Canada*, No. 22-4519, 2024 WL 2807182 (4th Cir. June 3, 2024), which rejected a facial Second Amendment challenge to 18 U.S.C. § 922(g)(1). The court explained that although "courts … are grappling with many difficult questions in the wake of" *NYSRPA v. Bruen*, 597 U.S. 1 (2022), "the facial constitutionality of Section 922(g)(1) is not one of them." *Id*. at *1. "Indeed, no federal appellate court has held that Section 922(g)(1) is facially unconstitutional," and the court determined to "not be the first." *Ibid*.

  The court stated that its decision was "narrow," limited to the facial constitutionality of Section 922(g)(1). *Id*. Thus, the court "assume[d] for the sake of argument that there is *some* room for as-applied challenges to Section 922(g)(1)," but it did not resolve when an as-applied challenge might have merit. *Ibid*. (quoting *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024)) (emphasis in original). The court also declined to resolve other analytical questions—including whether *Bruen* abrogated pre-existing circuit precedent upholding Section 922(g)(1), or at which of *Bruen*'s analytical steps to resolve the defendant's facial challenge—because "[n]o matter which analytical path" the court chose, "they all [led]" to the conclusion that

"Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may be constitutionally applied in at least some … circumstances." *Ibid*.

This Court should follow *Canada* and reject Ronnie Diaz, Jr.'s facial challenge to Section 922(g)(1). The government maintains that all "analytical path[s]"—the Supreme Court's precedent, this Court's pre-*Bruen* decisions upholding Section 922(g)(1) under the Second Amendment, and both steps of the *Bruen* framework—show that Section 922(g)(1) is constitutional in all of its applications. *Canada*, 2024 WL 2807182, at *1; Gov't Br. 11-40. At a minimum, however, Diaz has not met (and cannot meet) his burden of showing that Section 922(g)(1) is unconstitutional in all of its applications, as is required to sustain his facial challenge. *Canada*, 2024 WL 2807182, at *1; Gov't Br. 40-42.

Respectfully submitted,

/s/ Mahogane D. Reed
MAHOGANE D. REED
*Counsel for the United States*

**CERTIFICATE OF COMPLIANCE**

1. This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j), because the body of this letter contains 350 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

/s/ Mahogane D. Reed  
Mahogane D. Reed

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Mahogane D. Reed  
Mahogane D. Reed

2024 WL 2807182
Only the Westlaw citation is currently available.
United States Court of Appeals, Fourth Circuit.

UNITED STATES of America, Plaintiff – Appellee,
v.
Zavien Lenoy CANADA, Defendant – Appellant.

No. 22-4519
|
Argued: December 5, 2023
|
Decided: June 3, 2024

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:20-cr-00471-HMH-1)

**Attorneys and Law Firms**

ARGUED: Cullen Oakes Macbeth, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant. Kathleen Michelle Stoughton, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. ON BRIEF: Adair F. Boroughs, United States Attorney, Columbia, South Carolina, and Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Before DIAZ, Chief Judge, and HARRIS and HEYTENS, Circuit Judges.

**Opinion**

Vacated and remanded by published opinion. Judge Heytens wrote the opinion, which Chief Judge Diaz and Judge Harris joined.

TOBY HEYTENS, Circuit Judge:

**\*1** A jury convicted Zavien Lenoy Canada of violating 18 U.S.C. § 922(g)(1), which creates what is often called the "felon-in-possession" offense. *Greer v. United States*, 593 U.S. 503, 506, 141 S.Ct. 2090, 210 L.Ed.2d 121 (2021).

Canada makes two arguments on appeal: (1) that Section 922(g)(1) is facially unconstitutional; and (2) that the district court erred in imposing an enhanced sentence under the Armed Career Criminal Act. We disagree with the first argument but agree with the second. We thus vacate the district court's judgment and remand for resentencing.

*First*, we reject Canada's assertion that Section 922(g)(1) is "unconstitutional, root and branch." *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024).<sup>*</sup> The law of the Second Amendment is in flux, and courts (including this one) are grappling with many difficult questions in the wake of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). But the facial constitutionality of Section 922(g)(1) is not one of them. Indeed, no federal appellate court has held that Section 922(g)(1) is facially unconstitutional, and we will not be the first.

Our decision is narrow. Because Canada has expressly disclaimed any sort of as-applied challenge, we "may"—like the Seventh Circuit in *Gay*—simply "assume for the sake of argument that there is *some* room for as-applied challenges" to Section 922(g)(1). *Gay*, 98 F.4th at 846. We also need not—and thus do not—resolve whether Section 922(g)(1)'s constitutionality turns on the definition of the "people" at step one of *Bruen*, a history and tradition of disarming dangerous people considered at step two of *Bruen*, or the Supreme Court's repeated references to "law-abiding citizens" and "longstanding prohibitions on the possession of firearms by felons." See, *e.g., Bruen*, 597 U.S. at 9, 38 n.9, 142 S.Ct. 2111; *District of Columbia v. Heller*, 554 U.S. 570, 625, 626, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). We likewise do not decide whether *Bruen* sufficiently unsettled the law in this area to free us from our otherwise-absolute obligation to follow this Court's post-*Heller* but pre-*Bruen* holdings rejecting constitutional challenges to this same statute. See, *e.g., United States v. Moore*, 666 F.3d 313, 318 (4th Cir. 2012).

No matter which analytical path we choose, they all lead to the same destination: Section 922(g)(1) is facially constitutional because it "has a plainly legitimate sweep" and may constitutionally be applied in at least *some* "set of

circumstances." [🚩]*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008) (quotation marks removed). Take people who have been convicted of a drive-by-shooting, carjacking, armed bank robbery, or even assassinating the President of the United States. See [🚩]18 U.S.C. §§ 36, [🚩]2119, [🚩]2113, [🚩]1751(a). Whether the proper analysis focuses on the definition of the "people," the history of disarming those who threaten the public safety, [🚩]*Heller*'s and [🚩]*Bruen*'s assurances about "longstanding prohibitions," or circuit precedent, the answer remains the same: the government may constitutionally forbid people who have been found guilty of such acts from continuing to possess firearms. That ends this facial challenge.

**\*2** *Second*, we hold that the district court erred in sentencing Canada under the ACCA. That statute requires at least a 15-year sentence if the defendant "has three previous convictions ... for a violent felony or a serious drug offense ... committed on occasions different from one another." [🚩]18 U.S.C. § 924(e)(1). Here, one of the three convictions identified by the district court was for criminal domestic violence in violation of South Carolina law.

Although this Court previously held that offense constitutes a violent felony under the ACCA, see [🚩]*United States v. Drummond*, 925 F.3d 681, 696 (4th Cir. 2019), the parties agree that decision has been abrogated by later ones we are bound to follow. In [🚩]*Borden v. United States*, 593 U.S. 420, 141 S.Ct. 1817, 210 L.Ed.2d 63 (2021), the Supreme Court of the United States held that "a criminal offense" may not "count as a 'violent felony' " under the ACCA "if it requires only a *mens rea* of recklessness." [🚩]*Id.* at 423, 141 S.Ct. 1817 (plurality op.); see [🚩]*id.* at 446, 141 S.Ct. 1817 (Thomas, J., concurring in the judgment). And in response to a certified question from this Court, the Supreme Court of South Carolina—which gets "the last word about what state law means," *Grimmett v. Freeman*, 59 F.4th 689, 693 (4th Cir. 2023)—has advised that Canada's offense *can* "be committed with general criminal intent, including a mental state of recklessness." *United States v. Clemons*, No. 2022-001378, ––– S.E.2d ––––, ––––, 2024 WL 1900632, at \*4 (S.C. May 1, 2024). For that reason, we conclude that [🚩]*Drummond* has been "abrogate[d]" by a "superseding contrary decision" and is no longer good law on this point. *Gibbons v. Gibbs*, 99 F.4th 211, 215 (4th Cir. 2024) (quotation marks removed). We thus vacate the district court's judgment and remand for resentencing. See [🚩]*United States v. Hope*, 28 F.4th 487, 492 (4th Cir. 2022) (vacating sentence and remanding where the defendant was improperly sentenced under the ACCA).

\* \* \*

The judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

*SO ORDERED*

**All Citations**

--- F.4th ----, 2024 WL 2807182

---

**Footnotes**

\*   We need not answer some surprisingly intricate questions about whether Canada's Second Amendment claim triggers the mandate rule or how this case's procedural history impacts our standard of review. The mandate rule is "merely a specific application of the law of the case doctrine," *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013), and the law of the case doctrine is not jurisdictional, see [🚩]*American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). We thus assume without deciding that Canada's Second Amendment claim is properly before us and that we review it de novo, unconstrained by Federal Rule of Criminal Procedure 52(b)'s plain-error standard.