...

# FEDERAL PUBLIC DEFENDER
### WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT
———
CHRISTOPHER J. CARLIN | *ALPINE*
HORATIO R. ALDREDGE | *AUSTIN*
BIANCA ROCHA DEL RIO | *DEL RIO*
REGINALDO TREJO, JR. | *EL PASO*
EDGAR HOLGUIN | *EL PASO*
ANTHONY J. COLTON | *MIDLAND*
KRISTIN M. KIMMELMAN | *SAN ANTONIO*
LEWIS B. GAINOR | *WACO*
SUPERVISORY ASSISTANTS

300 CONVENT STREET
SUITE 2300
SAN ANTONIO, TEXAS 78205-3744

TELEPHONE
(210) 472-6700

TOLL FREE
(855) 867-3570

FACSIMILE
(210) 472-4454
———
ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

June 4, 2024

Mr. Lyle W. Cayce, Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Diaz*, No. 23-50452
      Response to Government's Rule 28(j) Letter

Dear Mr. Cayce,

The government's letter cites the Fourth Circuit's decision in *United States v. Canada*, — F.4th —, 2024 WL 2807182 (4th Cir. June 3, 2024), but *Canada* does not affect this case. There, the Fourth Circuit denied a facial challenge to § 922(g)(1) because the statute "may constitutionally be applied in at least *some* set of circumstances." *Id.* at *1 (cleaned up).

But this Court has already rejected that test for facial challenges to § 922. In *Rahimi*, the government argued that the defendant "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Rahimi*, 61 F.4th 443, 453 (5th Cir. 2023) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). This Court, however, explained that "*Bruen* instructs how to proceed." *Id.* And under *Bruen*, "if a statute is inconsistent with the Second Amendment's text and historical understanding, *then it falls under any circumstances*." *Id.* (emphasis added). Indeed, *Bruen* itself did not pause to ask whether the New York licensing law at issue may be valid in some applications. *See generally NYSRPA v. Bruen*, 597 U.S. 1 (2022).

Here, the government cannot show that § 922(g)(1) is consistent with our Nation's historical tradition of firearm regulation. *See* Diaz Br. 16–34; Diaz Reply Br. 6–22. So, as in *Rahimi*, the statute "falls under any circumstances." *See* 61 F.4th at 453. *Canada* does not change the analysis. And, of course, *Canada* has no impact on Diaz's as-applied challenge. *See* Diaz Br. 34–36; Diaz Reply Br. 22–23.

        Respectfully submitted,

        MAUREEN SCOTT FRANCO
        Federal Public Defender

        s/ Carl R. Hennies
        CARL R. HENNIES
        Assistant Federal Public Defender

cc: all counsel of record via CM/ECF